JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEN-PIAO LEE, et al., <br>     Plaintiffs, <br> v. <br> BEHZAD ASHTIANI, et al., <br>     Defendants. | Case No. SA CV 15-1067 JVS (JCGx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court summarily remands this unlawful detainer action to state court because Defendant removed it improperly.

    On July 6, 2015, Defendant Behzad Ashtiani, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 3.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

1

1       Simply stated, Plaintiff could not have brought this action in federal court in the
2 first place, in that Defendants do not competently allege facts supplying either
3 diversity or federal-question jurisdiction, and so removal is improper.  28 U.S.C.
4 § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Notably, even if
5 complete diversity of citizenship exists, Defendant cannot properly remove the action
6 because Defendant resides in the forum state.  [*See* Dkt. No. 2]; *see also* 28 U.S.C.
7 § 1441(b)(2).
8       Nor does Plaintiff's unlawful detainer proceeding raise any federal legal
9 question.  *See* 28 U.S.C. §§ 1331, 1441.  Pursuant to the "well-pleaded complaint
10 rule," federal-question jurisdiction exists "only when a federal question is presented on
11 the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.
12 Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer.
13 (*See* Notice, Ex. A.)  In his Notice, Defendant asserts in conclusory fashion that he has
14 filed a demurrer invoking unspecified rights and duties arising under federal law.  [*See*
15 Dkt. No. 1 at 2.]  However, neither a federal-law counterclaim nor a federal-law
16 defense may serve as a basis for federal question jurisdiction.  *See Vaden v. Discover*
17 *Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be
18 predicated on an actual or anticipated defense" nor on "an actual or anticipated
19 counterclaim").
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this O

rder to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: July 22, 2015

HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE